UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT DUGGAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2556 |
| | § | |
| DEPARTMENT OF THE AIR FORCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants', the Department of the Air Force and National Guard Bureau, motion to dismiss [Docket No. 19] the plaintiff's, Kenneth Scott Duggan, complaint pursuant to the Federal Rules of Civil Procedure, 12(b)(1) and 12(b)(6). The plaintiff has filed a response [Docket No. 23] challenging the defendants' claims. The Court has reviewed the defendants' motion and the plaintiff's response and, being fully advised, determines that the defendants' motion should be granted.

**II.**

According to the pleadings, the plaintiff joined the Air Force National Guard in January of 1993. He maintains that his military record was impeccable until March 5, 2009. On that day, the plaintiff maintains that his superior officer, Master Sergeant Richard Franks, "violently punched [him] in the face." After punching the plaintiff, allegedly MSgt. Franks "pulled his military knife . . . and charged after [the] plaintiff screaming, "I am going to kill you!" The plaintiff asserts that he never fought back, but instead immediately retreated to a safe location.

After the event, the plaintiff asserts, his superior officers "conspired to retaliate against [him] by subjecting him to false charges, unnecessary duty restrictions, malicious prosecution,

multiple false AWOL charges, violations of the Privacy Act and numerous counts of reprisal." The plaintiff also asserts that MSgt. Franks was permitted to retire, was rehired as a civilian, but never charged or disciplined for his conduct.

On or about June 5, 2009, the plaintiff made contact with the United States Congress. He reported the allegedly wrongful treatment by his superiors. This reporting was not favorably received by military officials and, according to the plaintiff, resulted in an attempt to cover-up their "improper actions taken against [the plaintiff]." On or about June 9, 2009, the plaintiff was separated from the military. He brought suit on July 11, 2011, asserting claims for negligence, violation of privacy, conspiracy, assault, intentional infliction of emotional distress and retaliation pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. The defendants have moved to dismiss the plaintiff's suit for failure to state a claim and for lack of subject matter jurisdiction.

### III.

#### A. Standard Under Rule 12(b)(1) and 12(b)(6)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing

*Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.) Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are] enough to raise a

right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965.

## IV.

The plaintiff does not dispute the defendants' claim that the Court does not have subject matter jurisdiction to hear his Military Whistle Blower Act claim. *See* 10 U.S.C. § 1034. The plaintiff also concedes that he cannot sue the Department of the Air Force or the National Guard Bureau because they are federal agencies. *See* 28 U.S.C. § 1346(b)(1). Therefore, the plaintiff seeks permission to amend his complaint and substitute the United States of America as the proper defendant under the Act. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). However, even if the United States were the named defendant, the plaintiff's suit fails for lack of jurisdiction.

The plaintiff, admittedly on active duty on March 5, 2009, seeks to distinguish between the status of a soldier who, although is on active duty, is "not performing any military functions" and one who is performing a military functions. In this regard, the plaintiff asserts that he had completed his military duties for the day. At the time of the alleged event, MSgt. Franks was a military police officer and presumably but not asserted by the plaintiff, was not on duty at the time. Therefore, the plaintiff contends that because MSgt. Franks was empowered at all times to execute military orders and arrest soldiers for violations of the law, the defendants have waived sovereign immunity as it relates to MSgt. Franks' conduct. *See* 28 U.S.C. § 2680(g). Hence, the plaintiff asserts that the *Feres* doctrine does not bar the plaintiff's claims. *See Feres v. United States*, 340 U.S. 135 (1950).

The plaintiff also seeks to distinguish permissible conduct of the military officials before June 26, 2009, after the date that he was relieved of duty and barred from the military base, from permissible conduct after his discharge. He claims that on July 12, 2009, after he was relieved from active duty, the defendants violated the Privacy Act by disseminating private health care and mental health information about the plaintiff to his military unit after he was separated that adversely affected him, causing pecuniary loss and physical and mental injury and suffering, referring to 5 U.S.C. § 552a(g)(1). The sum of the plaintiff's complaint is that the defendants reported that he was not medically fit to serve in the military to his unit. Each of the plaintiff's distinctions in the time is designed to establish that the *Feres* doctrine is applicable. These distinctions are without a difference as it relates to the plaintiff's complaint.

## V.

The FTCA waives governmental immunity in cases for monetary claims where, if a private person, that person would be liable to a claimant in accordance with the law where the act or omission occurred. 28 U.S.C. § 1346(b)(1). However, there are exceptions to this waiver. One such waiver is for injuries that a soldier suffers during or in the course of activity that is incident to military service. *See Feres* 340 U.S. at 146 (overruled on other grounds). An example of activity incident to military service may be an event where a military police officer attempts to arrest a soldier for a violation of federal or military law, whether the soldier is engaged in an assigned duty or not. Also, the *Feres* doctrine would apply in a circumstance where the solider who seeks damages is the provocateur, assaulting his fellow soldier whom he later claims assaulted him. *See Chappell v. Wallace*, 462 U.S. 296, 304 (1983). Hence, conduct that threatens or disrupts the order and command is barred by the *Feres* doctrine even though an assault may occur. *See United States v. Brown*, 348 U.S. 110, 111-12 (1954).

In light of the facts presented in the plaintiff's complaint, the Court concludes that the plaintiff's alleged damages occurred "incident to service." *See Parker v. United States*, 611 F.2d 1007, 1013-15 (5th Cir. 1980). The facts show that the plaintiff was on active duty at the time of the incident with MSgt. Franks. Moreover, the incident occurred between the plaintiff and MSgt. Franks on the military installation where they were assigned. Any injury suffered by the plaintiff, whether an injury relating to the alleged assault or whether resulting from the investigation and outcome occurred on the military installation. *See Miller v. United States*, 42 F.3d 297, 301 (5th Cir. 1995). Third, the evidence shows that the plaintiff provoked the incident by spitting in MSgt. Franks' face. Obviously, the alleged assault on the plaintiff was a result of a personal matter between the plaintiff and MSgt. Franks. Hence, the blow thrown by MSgt. Franks was an intentional tort unrelated to his military duties. *See* 28 U.S.C. § 2680(h); *Leleux v. United States*, 178 F.3d 750, 756 (5th Cir. 1999).

Finally, the plaintiff's claim concerning the investigation of the incident and the ultimate resolution are all incident to his service and are *Feres* doctrine barred. Hence, whether the investigation concluded before or after the plaintiff was placed on inactive reserve status in the Texas Air National Guard is of no consequence since the incident out of which any subsequent investigation arose occurred while the plaintiff was on active duty.

The plaintiff's claim that the *Feres* doctrine does not bar his Privacy Act claim also fails. The undisputed facts show that the plaintiff's medical information was released within the military command structure. There is no pleading or suggestion that any release of medical information was released other than according to the rules and regulations of the military. The Court is of the opinion that the plaintiff has no actionable suit due to the Court's lack of subject matter jurisdiction.

It is therefore ORDERED that the plaintiff's suit shall be, and it is hereby DISMISSED.

SIGNED at Houston, Texas this 22nd day of May, 2012.

Kenneth M. Hoyt
United States District Judge